UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-MJ-06200-JMS

UNITED STATES OF AMERICA

vs.

BARRY BENNET RAMEY,

        Defendant.
_____/

**DETENTION ORDER**

      On April 27, 2022, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether Defendant Barry Bennet Ramey ("Defendant") should be detained prior to trial. The Government sought to detain Defendant on the grounds that he poses a danger to the community, a risk of flight, and a risk of obstruction of justice. *See* 18 U.S.C. § 3142(e). Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Government's proffer, the testimony of the law enforcement agent, the facts contained in the Pretrial Services Report ("PSR"), and the arguments of counsel, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the community if Defendant were released prior to trial. Therefore, this Court orders that Defendant be detained prior to trial and until the conclusion thereof.

      In accordance with 18 U.S.C. § 3142(i)(1), the Court makes the following findings of fact and statement of reasons for the detention:

      1.    Defendant is charged by criminal complaint with: (i) obstructing, impeding, or interfering with a law enforcement officer during a civil disorder, in violation of 18 U.S.C. § 231;

(ii) assault on a federal law enforcement officer with a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b); (iii) entering and remaining in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); (iv) disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); (v) engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); and (vi) an act of physical violence in the grounds or capitol buildings, in violation of 40 U.S.C. § 5104(e)(2)(F). If convicted of all charges, Defendant faces a possible maximum sentence of 55 years in prison. As well, on the charges involving assault on two separate police officers, Defendant faces an estimated advisory Sentencing Guidelines range of between 78-97 months in prison.

2. The evidence against Defendant is substantial. At the detention hearing, the Government proffered evidence and the law enforcement agent testified that:

    a. On January 6, 2021, Defendant was present on the Capitol Grounds in Washington D.C., in a restricted area. Defendant was wearing body armor, knee pads, and was carrying a gas mask and pepper spray. Defendant appears on multiple videos taken that day, and his face is clearly visible at times.

    b. At approximately 1:48 p.m., on the front west side of the Capitol Building, several U.S. Capitol Police ("USCP") Officers were attempting to block rioters' access to the stairwell leading to upper levels of the Capitol Building. In connection with the rioters' efforts to break through this police line, Defendant assaulted two of these USCP officers by spraying what appears to be pepper spray. These assaults were captured on video.

2

    c. On February 11, 2022, an FBI Agent investigating the January 6, 2021, Capitol Breach left his business card (listing his name and phone number) at Defendant's girlfriend's residence as part of an effort to obtain an identification of Defendant. The next day, the FBI Agent received a call from an attorney representing Defendant who said that Defendant had been informed that the FBI was asking about him.

    d. On April 8, 2022, the FBI Agent received a phone call on his work cell phone. The FBI Agent recognized the voice of the male caller as Defendant, based on having recently listened to an internet video of Defendant. The caller asked for the FBI Agent by name, with a distinct mispronunciation, and asked if the Agent still lived at [the FBI Agent's home address] and then hung up. Shortly thereafter, the FBI Agent received a text from the same phone number with a string of digits. In response to the FBI Agent's text asking the sender what this was, an individual believed to be Defendant texted, "Check that VIN number.;)[.]" The phone number from which this call and text message were sent were traced back to a wholesale Voice over Internet Protocol provider, which made it impossible to trace or identify the subscriber/end user of the number.

    a. Defendant was arrested on April 21, 2022. The FBI Agent was one of the first law enforcement officers to approach Defendant. As the FBI Agent approached, Defendant made an unsolicited statement to the effect that "This is about the call, isn't it?" and asked if the FBI Agent was [Agent name,] mispronouncing the last name with the same mispronunciation as the caller on April 8, 2022, had used.

3

3. Defendant's history and personal characteristics also support pretrial detention. The Court incorporates and makes part of this Order the facts contained in the PSR. According to the PSR, Defendant has no ties or connection to the District of Columbia, where he is charged. While Defendant has no criminal convictions, his conduct towards the FBI Agent was a very direct, if subtle, attempt to obstruct justice by intimidating the FBI Agent, further demonstrating a risk of danger and also showing Defendant's lack of respect for law enforcement.

4. Based on the above findings of fact, the nature of the charged offenses, Defendant's current and prior work history, and the overall weight of the evidence, the Court finds by clear and convincing evidence that Defendant presents a danger to the community and a risk of obstruction.[1] The Court finds that there are no conditions or combination of conditions that will reasonably assure the safety of others and the community if Defendant is released prior to trial.

5. Accordingly, the Court hereby directs that:

    a. Defendant be detained without bond;

---

[1] The Court also finds instructive *U.S. v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021) and *U.S. v. Chrestman*, 525 F. Supp 3d 14, 25 (D.D.C. Feb. 26, 2021). In *Munchel*, the D.C. Circuit provided useful guidance in assessing the dangerousness of defendants charged in the January 6, 2021, Capitol Breach. Specifically, *Munchel* made clear that "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the capitol after others cleared the way." *Id*. at 1284. The Court finds that Defendant is in this more dangerous category because unlike many, he actually engaged in violence. Furthermore, in *Chrestman*, the court assessed a number of factors in determining whether a defendant charged in the Capitol Breach should be detained pending trial. *See* 525 F.Supp.3d at 26-27. Specifically, the court noted that the use of a dangerous weapon as well as evidence of prior planning support a finding of detention. *Id*. at 26. Here, the fact that Defendant came to the Capitol with body armor, knee pads, pepper spray and a gas mask all demonstrate the kind of prior planning that militates in favor of detention, and his decision to not just carry pepper spray, but actually use it against uniformed police officers, demonstrates dangerousness that warrants detention.

4

b. Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

c. Defendant be afforded reasonable opportunity for private consultations with his counsel;

d. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined, deliver Defendant to a United States Marshal for the purpose of appearance in connection with the court proceedings.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, on April 29, 2022.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: Pretrial Services
    U.S. Marshal's Service
    All counsel of record

5