UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 22-CR-184 (DLF) |
| v. : | |
| : | |
| BARRY BENNET RAMEY : | |
| : | |
| Defendant. : | |

### JOINT STATUS REPORT REGARDING SPEEDY TRIAL

The parties hereby submit this joint status report regarding Speedy Trial as ordered by the Court's July 15, 2022, Minute Order. The parties agree that the dates identified in the Court's July 15 minute order are correct and that, as of the date of this filing, 56 days remain on the Speedy Trial clock.

The Speedy Trial clock began to run on June 13, 2022, the date that the defendant, Barry Bennet Ramey, made his initial appearance in this District. *See* 18 U.S.C. § 3161(c)(1) (stating that the defendant's trial must commence within seventy days from the date that the indictment is filed or the date of the defendant's initial appearance "before a judicial officer of the court in which [the] charge[s] are pending," or whichever is later).[1] Magistrate Judge Zia M. Faruqui excluded the time between the date of that hearing (June 13, 2022) and the date of the defendant's first status hearing before this Court (June 15, 2022), 2 days. On June 15, 2022, this Court denied the government's motion to exclude time under the Speedy Trial Act (STA) until the next status hearing, and the clock began to run again.

---

[1] The magistrate judge in the Southern District of Florida *did not* exclude time, but that has no impact on the Speedy Trial clock in this case because the clock did not begin to run until the defendant appeared in this District.

1

The clock is currently and will remain tolled as long as the defendant's motion to revoke detention (ECF No. 16) is pending.  *See* 18 U.S.C. § 3161(h)(1)(D) (listing among periods of delay that "shall be excluded," any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); *United States v. Hemphill*, 514 F.3d 1350, 1357 (D.C. Cir. 2008) ("The [STA] itself excludes the time resulting from 'any pretrial motion.'  We have interpreted this phrase to mean what it says: *any* motion will toll the clock." (emphasis in original) (internal citation omitted)); *see also, e.g.*, *United States v. Smocks*, No. 21-cr-00198, 2021 WL 1854341, at *3 (D.D.C. May 10, 2021) (concluding that a pending motion for pretrial detention tolled the Speedy Trial clock, stating that "[t]he D.C. Circuit has repeatedly held that *any* pending motion tolls the Speedy Trial clock," and citing cases).  The defendant filed the motion to revoke detention on June 29, 2022.  Thus, the clock ran for 14 days between June 15, 2022, and June 29, 2022, and has been tolled since June 29.  As a result, 56 days remain on the clock.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    */s/ Kathryn E. Fifield*
        Kathryn E. Fifield
        Trial Attorney
        U.S. Department of Justice, Criminal Division
        Detailed to the D.C. United States Attorney's Office
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 320-0048
        Kathryn.fifield@usdoj.gov

Seen and agreed:

/s/*Farheena Siddiqui*

Farheena Siddiqui
District of Columbia Bar No. 888325080
Law Office Samuel C. Moore, PLLC
526 King St., Suite 506
Alexandria, VA 22314
Email: fsiddiqui@scmoorelaw.com
Phone: 703-535-7809