#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NO. 1:22-CR-00184-DLF |
| | : | |
| | : | |
| BARRY BENNET RAMEY | : | |

### SUPPLEMENTAL FILING TO REVOKE DETENTION ORDER
### AND FOR PRETRIAL RELEASE

Defendant Barry Ramey, by and through counsel, respectfully requests that this Court revoke the Magistrate Judge's detention order from Southern District of Florida and issue an order authorizing pretrial release with location monitoring and any other conditions deemed appropriate by the Court pursuant to 18 U.S.C. 3142 and 3145(b). The Court heard the arguments from Defense Counsel and the Government on August 15, 2022 and asked for a supplemental response in regards to precedence in these cases for bond. The Defendant responds to the Court's request as follows:

    I.    **Defendant Does Not Pose a Flight Risk**.

While this is not the Government's main concern, the Defendant still does not pose a flight risk. He is local to his community, has a stable living address with his fiancée, and his mother, who is sick and ailing, lives miles away from where his home would be. With GPS monitoring or house arrest, the Court and Probation will be able to ensure real-time monitoring of where Defendant is. The Court brought up a concern of a prior Defendant, Ricky Willden, cutting off his GPS and disobeying court orders. However, defense counsel is not able to find that violation in the Pacer records.

Further, Defendant is able to present a federal custodian, Ms. Desiree Kim, who is able to

1

serve in that capacity. She testified to the court yesterday that she works from home and has no need to go into work. She is more than willing to supervise and report any violations of Mr. Ramey's bond conditions.

## II.     **Defendant Does Not Pose a Danger to the Community Given Strict Supervision**.

The Government's concern was that Mr. Ramey proves to be a threat to the community through past allegations that didn't result in convictions. Defense Counsel cited to cases in their reply to the Government's Opposition with twenty cases where this Court granted pretrial release to defendants charged with similar charges. Those defendants, just like Mr. Ramey, did not have a criminal record. Whether they had allegations that didn't result in convictions is not reflected on Pacer.

The TROs that Mr. Ramey defended were from allegations of harassment and not physical assault. While those TROs never materialized into permanent protective orders, it is important to note that they did not allege physical violence by Mr. Ramey. It is also important to note that those allegations stem from Mr. Ramey's interaction with the community. Given GPS monitoring and house arrest, Mr. Ramey would not be put into that position again. That risk can be mitigated both through his custodian, Ms. Kim, as well as the GPS monitoring that provides real-time violations to the probation officer.

Separately, Mr. Ramey has every incentive to follow the Court's order pending trial. This is the same court that will sentence Mr. Ramey if he is found guilty of his charges. Furthermore, Mr. Ramey would be jeopardizing his fiancée who will serve as his custodian if he violates any court orders. Lastly, Mr. Ramey's mother's grave conditions ensure that he will not jeopardize what is possibly the last few months with her by disobeying the Court's orders and returning back to incarceration.

The Government requests detention based on fear of obstruction with the current proceeding. However, the Court has held that "[t]here is not a per se rule that an obstruction of justice charge warrants detention." *United States v. Omar*, No. 3:10-CR-00260. 2011 WL 902487, at *15 (M.D. Tenn. Mar. 15, 2011) (citation omitted); *See also United States v. Demmler*, 523 F. Supp.2d 677, 683 (S.D. Ohio 2007) ("[T]he Court will not assume that just because [defendant] has been charged with…obstruction of justice, he is likely to commit these same offenses again during the course of these proceedings. Indulging in such an assumption would be tantamount to creating a per se rule of detention in cases involving…obstruction[.]"). While Mr. Ramey is charged with obstruction, it is a highly unlikely scenario to be replicated particular to this case

## CONCLUSION

For the reasons stated above, Defendant Barry Ramey, respectfully requests the Court to revoke the Magistrate Judge's order of detention and issue an order for pretrial release.

Respectfully submitted,

*/s/ Farheena Siddiqui*
Farheena Siddiqui
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Motion to Revoke Detention Order was served upon counsel of record through ECF on the date of filing.

/s/
_____
Farheena Siddiqui

3