UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 22-CR-184 (DLF) |
| v. : | |
| : | |
| BARRY BENNET RAMEY- : | |
| : | |
| Defendant. : | |

**SUPPLEMETNAL FILING IN RESPONSE TO DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND FOR PRETRIAL RELEASE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this supplemental filing in response to Defendant Barry Bennet Ramey's reply regarding his Motion to Revoke the Detention Order and for Pretrial Release. (ECF No. 16.)

The Court continued this matter specifically to give the parties the opportunity to address how other Capitol Riot cases may be analogous to this case. In the time since the hearing on the defendant's detention motion concluded yesterday, the government has confirmed what it represented yesterday—Barry Ramey is in a class by himself. The Capitol Riot cases cited by the defendant as "similar" (*see* ECF No. 19 at 4 n.2) are inapposite for any number of reasons. Many of those cases involved an 111(a)(1) charge but did not involve a charge of 18 U.S.C. § 111(b)—that is, though the case involved at least one law enforcement assault, that assault was not using a deadly or dangerous weapon, unlike here. It also bears note that, in a Section 111(a) case without additional factors or charges, the government *cannot* seek detention because, under the BRA, Section 111(a) is not a crime of violence, and by definition does not involve a deadly or dangerous weapon. *See* 18 U.S.C. § 3142(f)(1)(A) (allowing the government to move for detention in the case of a crime of violence); 18 U.S.C. § 3142(f)(1)(E) (allowing the

1

government to move for detention in a case that is *not* a crime of violence but involves a deadly or dangerous weapon). Cases in which the government did not seek detention, or a court did not grant the government's motion for detention, generally involved very young defendants and defendants who had otherwise sterling backgrounds, some involving decorated service with the United States military.

The government's decisions about whether to seek detention in Capitol Riot cases are guided by some general principles, such as a default position to seek detention in sprayer cases, which the government has done with one exception. *See United States v. Bilyard,* 22-CR-34 (RBW).[1] But more broadly, those decisions are fact specific to each defendant, as is demonstrated by the case of Aiden Bilyard.

The facts here show that Barry Ramey's case amply meets the standard for detention under the BRA, and he does not usefully compare to any Capitol Riot case of which the undersigned is aware. He violently attacked two Capitol Police officers at a key breach point alongside other Proud Boys who initiated that assault at the base of the Northwest Stairs. He did so with strong indicia of pre-planning—he had a tactical vest, a gas mask, and knee pads, and he was with members of an organized violent extremist group to which he has clear connections. He has a pattern of harassing, intimidating, threatening, and violent behaviors, in some instances involving firearms.[2] He acted consistent with this pattern when he attempted to intimidate a

---

[1] Bilyard was 19 years old on the day he was charged in connection with the Capitol Riot. On January 6, 2021, he was in basic training for the United States Air Force and had been cooperating with the FBI months before his arrest.

[2] Defendant's effort to minimize the impact of these reports by saying that no other Capitol Riot case involved such a detailed background of the defendant is misleading. These reports were obtained through standard criminal history checks that the government performs in any case, especially ones where the government plans to seek detention. The description of Ramey's background are unique because these facts are unique to Ramey.

federal law enforcement agent investigating him for a crime. He attempted to obstruct this investigation.

For these and the reasons stated in the government's opposition (ECF No. 17), the government requests that this Court deny Ramey's Motion to Revoke the Detention Order and for Pretrial Release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Kathryn E. Fifield*
         Kathryn E. Fifield
         Trial Attorney
         U.S. Department of Justice, Criminal Division
         Detailed to the D.C. United States Attorney's Office
         601 D Street, N.W.
         Washington, D.C. 20530
         (202) 320-0048
         Kathryn.fifield@usdoj.gov