UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | Case No. 22-cr-184-DLF |
| | : | |
| **BARRY BENNET RAMEY,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' MOTIONS IN LIMINE TO PRECLUDE CERTAIN DEFENSE ARGUMENTS AND EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motion in *limine* to preclude the defendant from arguing self-defense or defense of others in this case.

The defendant has not raised a claim of self-defense or defense of others, but if he does, such argument should be precluded. To establish a prima facie case of self-defense, the defendant must make an offer of proof of "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006). "If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." *United States v. Cramer*, 532 Fed.Appx. 789, 791 (9th Cir. 2013) (citing *United States v. Bailey*, 444 U.S. 394, 415 (1980)).

Here, the defendant will not be able to present any evidence of a reasonable belief that his actions were necessary to defend himself or another against the immediate use of unlawful force. The defendant's own actions undermine any claim that he had a reasonable belief that he was engaged in an act of defending himself or another. For example, the defendant moved towards the victims, breaching multiple security barriers with other Proud

1

Boys and members of the mob, pushing past uniformed officers. After pushing onto the restricted Capitol grounds, the defendant surrounded Capitol Police, forcing them to retreat. The defendant then assaulted two officers defending the Capitol from the mob. After committing his two assaults, the defendant remained on Capitol grounds for hours. There is no evidence or statements to support the claim that the defendant was engaged in conduct that he reasonably believed was *necessary* to protect himself or others against unlawful force.

Motions in *limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)). The government presents this issue to the Court in an effort to prepare this case for an efficient trial. For the reasons set forth herein, the United States respectfully requests that this Court grant the government's motion in *limine* to exclude any testimony and evidence purporting to assert a claim of self-defense or defense of others.

                              Respectfully submitted,

                              Matthew M. Graves
                              United States Attorney
                              D.C. Bar No. 481052

By:    /s/ *Brian Brady*
        Brian Brady
        DC Bar No. 1674360
        Kathryn E. Fifield
        Trial Attorneys
        Department of Justice
        1301 New York Ave. N.W., Suite 800
        Washington, DC 20005
        (202) 834-1916
        Brian.Brady@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 18, 2022, I caused a copy of the foregoing motion to be served on counsel of record via electronic filing.

                                                 */s/ Brian Brady*
                                                 Brian Brady
                                                 Trial Attorney