**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA  :
                          :
                          :
     v.                   :     CRIMINAL NO. 1:22-CR-00184-DLF
                          :
                          :
BARRY BENNET RAMEY        :

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S**
**MOTIONS IN LIMINE, ECF NOS. 23, 24, AND 25**

Defendant Barry Ramey, by and through counsel, hereby responds to the Government's Motions in Limine, ECF Nos. 23, 24, and 25:

As to the Government's Motion in Limine seeking to limit cross-examination of secret service agency witnesses, Mr. Ramey does not oppose the limitations the Government has requested on cross-examination. Mr. Ramey reserves the right to pursue this line of questioning only if made relevant by the Government's evidence.

As for the Government's Motion in Limine seeking to preclude evidence of specific locations of U.S. Capitol Police surveillance cameras, Mr. Ramey does not intend to elicit any such testimony or present any such evidence in this case. As such, Mr. Ramey does not object to the Government's motion on this matter.

As to the Government's Motion in Limine seeking to preclude Mr. Ramey from raising a claim of self-defense, Mr. Ramey requests this court to deny the motion as premature. The Federal Rules of Criminal Procedure require defendants to give notice of certain defenses "within the time provided for filing of pretrial motions," but self-defense is not one of the defenses requiring advance disclosure. *See* Fed. Rs. Crim. P. 12.1, 12.2, 12.3. This case is two months away from trial and Mr. Ramey has not completed his investigation. At this stage, it is

premature for the defense to litigate every possible defense they could raise. Furthermore, nothing in the law requires that the defense disclose its trial strategy ahead of time to the Government.

The Government's motion indicates that there is no reasonable self-defense available to Mr. Ramey due to the facts they laid out in their Motion. The Government relies on generic statement of facts that Mr. Ramey was the aggressor and that he went past barricades and lines of law enforcement to conduct his assault. However, these are all facts at issue that remain to be tried by a jury in this case. Further, these are all facts by the Government. If the defendant is able to raise facts sufficient for a finding of self-defense, at that time, the court can preclude arguments to that effect at trial. Even if taking the Government's argument to be true, it does not preclude defendant from raising the issue of being met with unlawful force at any particular point. They merely state that Defendant was the aggressor. While these arguments are for closing, they certainly do not meet the burden to preclude Defendant from being allowed to explore this defense two months prior to trial.

## **CONCLUSION**

For the reasons stated above, Defendant Barry Ramey, does not object to Motions in Limine regarding surveillance camera locations or Secret Service protocols. However, Mr. Ramey does object to Government's Motion in Limine to preclude him from raising a self-defense argument as premature and respectfully requests that this Court deny the motion.

Respectfully submitted,

*/s/ Farheena Siddiqui*
Farheena Siddiqui
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Response to Government's Motions in Limine was served upon counsel of record through ECF on the date of filing.

/s/

Farheena Siddiqui