# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:22-cr-184-DLF** |
| | **:** | |
| **BARRY BENNET RAMEY** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

## UNITED STATES'S RESPONSE TO THE COURT'S
## PROPOSED JURY INSTRUCTIONS AND VOIR DIRE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's proposed jury instructions (ECF No. 28) and voir dire (ECF No. 29). The government has no objections to the Court's proposed voir dire.

The government agrees to the Court's proposed jury instructions as written with two proposed modifications to Instruction No. 2: Counts 2 and 3, Assaulting, Resisting or Impeding Certain Officers Using a Dangerous Weapon (18 U.S.C. § 111(a)(1), (b)). The bases for these two proposed modifications are addressed in turn below. The government has attached to this filing a proposed instruction for Counts 2 and 3 which incorporates the government's proposed modifications.[1]

---

[1] The government's proposed instruction is consistent with the instruction recently given by Judge Mehta in *United States v. Schwartz, et al.*, for law enforcement assaults involving pepper spray. *See* 21-cr-178 (APM), ECF No. 172 (Dec. 7, 2023).

I.      **The government is not required to prove beyond a reasonable doubt the defendant made physical contact or had the intent to commit another felony to enhance 18 U.S.C. § 111(a)(1), (b) to a felony.**

The Court proposed six elements for 18 U.S.C. § 111(a)(1), (b). The fifth element proposed by the Court is:

Fifth, the defendant made physical contact with an officer of the United States who was then engaged in the performance of official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count 1 (civil disorder), or the greater offense charged in Count 4 (entering and remaining on a restricted building or grounds with a deadly or dangerous weapon), Count 5 (disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon), or Count 6 (engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon), all of which I will explain in a moment.

(ECF 28 at 5-6.) The government asks the Court to strike this element from the 18 U.S.C. § 111(a)(1), (b) instruction.

To be convicted under 18 U.S.C. § 111(a)(1), the government must prove that the defendant did "forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1) (edited for grammar). This constitutes simple assault. To enhance 18 U.S.C. § 111(a)(1) to an eight-year felony, the government must also prove the defendant's actions "involve[d] physical contact with the victim of that assault or the intent to commit another felony." 18 U.S.C. § 111(a).

This is not the case for violations of 18 U.S.C. § 111(a)(1), (b):

(b) Enhanced penalty.--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111(b). When the defendant uses a dangerous or deadly weapon during the course of "any acts described in subsection (a)," this includes simple assault. A simple assault that uses a

deadly or dangerous weapon would be enhanced under 18 U.S.C. § 111(b) to a twenty-year felony, without physical contact or the intent to commit another felony.

## II.    The sixth element proposed by the Court differs from those previously provided in this context.

The Court proposed six elements for 18 U.S.C. § 111(a)(1), (b).  The sixth element proposed by the Court is, "Sixth, in doing such acts, the defendant *intentionally* used a deadly or dangerous weapon."  (ECF No. 28 at 6 (emphasis added).)  The government would request that the Court strike the word "intentionally," and provide the following instruction, "Fifth,[2] in doing such acts, the defendant used a deadly or dangerous weapon."  This instruction is consistent with the plain text of Section 111(b) and was given by Judge Mehta in *United States v. Schwartz et al.*, 21-cr-178 (APM).

## CONCLUSION

For these reasons, the United States requests that this Court modify the proposed jury instructions.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:    */s/ Brian Brady*
Brian Brady
Kathryn E. Fifield
Trial Attorneys, Department of Justice
DC Bar No. 1674360
1301 New York Ave. N.W., Suite 800
Washington, DC 20005
(202) 834-1916
Brian.Brady@usdoj.gov

---

[2]    If the Court strikes the fifth element per the government's request.