UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:22-cr-184-DLF |
| | : | |
| BARRY BENNET RAMEY | : | |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES'S SUPPLEMENTAL RESPONSE TO THE COURT'S
PROPOSED JURY INSTRUCTIONS AND VOIR DIRE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplement to its response (ECF No. 35) to the Court's proposed jury instructions (ECF No. 28).

The purpose of this supplement is to provide additional argument regarding the elements for Counts Two and Three and to withdraw the government's objection to the use of the word "intentionally" in the last element of Counts Two and Three.

**I.      Section 111(b) does not require proof of physical contact or felonious intent and is a separate offense from Section 111(a)(1).**

Section 111(a)(1) is a separate crime from Section 111(b), not a lesser included crime. ECF 28, at 8 ("Counts 2(a) and 3(a) are lesser included offenses of Count 2 and 3 of the indictment.").

Section "111 proscribes five types of offenses: a misdemeanor (constituting only simple assault [or other acts of resistance]), two less serious felonies (involving either physical contact or felonious intent), and two more serious felonies (involving either a weapon or bodily injury)." *United States v. Briley*, 770 F.3d 267, 273 (4th Cir. 2014).  Each of these five offenses requires proof that:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the United States.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the officer was then engaged in the performance of official duties.

18 U.S.C. 111(a)(1); ECF 28, at 5. These elements, standing alone, define a misdemeanor.

To enhance a misdemeanor violation of 18 U.S.C. § 111 to an eight-year felony, the government must prove these four elements and an additional element of either "physical contact with the victim of that assault" or "the intent to commit another felony." 18 U.S.C § 111(a)(1); *Briley*, 770 F.3d at 272.

To enhance a misdemeanor violation of 18 U.S.C. § 111 to a 20-year felony, the government must prove the four elements identified above and an additional element of either "use [of] a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflict[ion] bodily injury." 18 U.S.C. § 111(b); *Briley*, 770 F.3d at 272-73.

The statutory language confirms this framework. Section 111(b) states:

> Whoever, in the commission of *any acts described in subsection (a)*, uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111(b) (emphasis added); *see Briley*, 770 F.3d at 272-73 (citing to *United States v. Campbell*, 259 F.3d 293, 299 (4th Cir.2001)). When the defendant uses a dangerous or deadly weapon during the course of "any acts described in subsection (a)," he has violated this provision.

Accordingly, a defendant who uses a deadly or dangerous weapon to assault, resist, oppose, impede, intimate, or interfere with a federal officer faces up to a 20-year sentence under 18 U.S.C.

§ 111(b). This offense contains no additional requirement that the defendant make physical conduct with the officer or act with the intent to commit another felony.

The government accordingly requests that this Court remove the following paragraph when instructing the jury on Section 111(b)'s elements:

> Fifth, the defendant made physical contact with an officer of the United States who was then engaged in the performance of official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count 1 (civil disorder), or the greater offense charged in Count 4 (entering and remaining on a restricted building or grounds with a deadly or dangerous weapon), Count 5 (disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon), or Count 6 (engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon), all of which I will explain in a moment.

ECF No. 28, at 5-6.

## II. The government does not object to the use of the word "intentionally" in the final element of Counts Two and Three.

Based on discussions with the Court and review of the applicable law, the government withdraws its objection to the use of the word "intentionally" in the final element of Counts Two and Three

## CONCLUSION

For these reasons, the United States requests that this Court modify the proposed jury instructions as requested.

                                               Respectfully submitted,

                                               MATTHEW M. GRAVES
                                               United States Attorney

By:    */s/ Brian Brady*
          Brian Brady
          Kathryn E. Fifield
          Trial Attorneys, Department of Justice
          DC Bar No. 1674360
          1301 New York Ave. N.W., Suite 800
          Washington, DC 20005
          (202) 834-1916
          Brian.Brady@usdoj.gov