# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-3119                          September Term, 2024

FILED ON: NOVEMBER 19, 2024

UNITED STATES OF AMERICA,
           APPELLEE

v.

BARRY BENNET RAMEY,
           APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cr-00184-1)

Before: KATSAS, *Circuit Judge*, and GINSBURG and RANDOLPH, *Senior Circuit Judges*.

## **J U D G M E N T**

This appeal was presented to the court and briefed and argued by counsel. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion, *see* Fed. R. App. P. 36; D.C. Cir. R. 36(d), and it is now

**ORDERED AND ADJUDGED** that the conviction on Count Three and the sentence imposed by the district court on July 7, 2023, be affirmed.

## I

After a bench trial, the district court convicted Barry Ramey of seven counts for his actions around the Capitol Building on January 6, 2021. Relevant here are Counts Two and Three of Mr. Ramey's indictment for violating 18 U.S.C. § 111(a)(1). Specifically, the district court found that Mr. Ramey had assaulted Capitol Police Officer David Riggleman by spraying him with a chemical irritant or pepper spray, and that Mr. Ramey assaulted Capitol Police Officer Bryant Williams by "intentionally attempt[ing] to spray" him with a chemical irritant spray. The district court therefore found Mr. Ramey twice guilty of violating § 111(a) but did not find Mr. Ramey guilty of committing these assaults with a deadly or dangerous weapon, § 111(b). *See United States*

*v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002) (interpreting § 111(b) to define "dangerous weapon" as either an object that is "inherently deadly" or one that "must be capable of causing serious bodily injury or death" and which the defendant uses "in that manner").

At sentencing, the district court applied a sentencing enhancement pursuant to the United States Sentencing Guidelines for use of a dangerous weapon. U.S.S.G. § 2A2.2 ("Dangerous weapon has the meaning given that term in § 1B1.1, Application Note 1, and includes any instrument that is not ordinarily used as a weapon . . . if such an instrument is involved in the offense with the intent to commit bodily injury" (cleaned up)). Relying on its earlier finding that Mr. Ramey caused bodily injury to the officers, the district court concluded that the sentencing enhancement was warranted. After analyzing the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Mr. Ramey to 60 months in prison. This sentence was below the 87 to 108 month sentence range advised by the Sentencing Guidelines with the dangerous weapon enhancement and even below the 63 to 78 month sentence range advised by the Sentencing Guidelines without that enhancement.[1]

## II

On appeal, Mr. Ramey argues (1) the district court erred in imposing the § 2A2.2 enhancement, and (2) the Government presented insufficient evidence to prove that Mr. Ramey assaulted Officer Williams. As to the first issue, the district court's application of § 2A2.2 to the facts at issue here plainly comports with the sentencing guidelines. In any event, even if Mr. Ramey were correct that the district court erred by applying the enhancement for use of a dangerous weapon, the Government correctly argues the error was harmless. *See Williams v. United States*, 503 U.S. 193, 203 (1992) (a district court's misapplication of the guidelines is harmless where it "did not affect the district court's selection of the sentence imposed"); *United States v. Simpson*, 430 F.3d 1177, 1184 (D.C. Cir. 2005) (non-constitutional error is harmless if it did not have a "substantial and injurious effect" on the length of the sentence). The district court made clear it would have imposed the same 60-month sentence "even if it had reached a different conclusion on the dangerous weapon . . . enhancement that it had decided in the government's favor." Nor is there any indication in the record that the district court's reason for sentencing Mr. Ramey below the Guidelines range would change if it did not consider the dangerous weapon enhancement; the court wanted to align Mr. Ramey's sentence with those imposed in other similar cases rather than with only the Guidelines range. Indeed, the sentence imposed by the district court is below that advised in the Sentencing Guidelines even without the enhancement.

As to the second issue, having considered the evidence in the record — in particular, video evidence of Mr. Ramey spraying a substance at Officer Williams, *see* Gov. Ex. 200 — we conclude that a rational trier of fact could find that Mr. Ramey attempted to spray Officer Williams with pepper spray and is therefore guilty of violating § 111(a). *See United States v. Boyd*, 803 F.3d 690, 692 (D.C. Cir. 2015).

---

[1] Despite the 108-month maximum sentence advised by the Sentencing Guidelines, the sentence was capped at 96 months by statute. 18 U.S.C § 111(a).

\*   \*   \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/

Daniel J. Reidy
Deputy Clerk

3